```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                              :
CORY HOLLOWAY,                                :     05 CV 5908 (ARR)
                                              :
                          Petitioner,         :     NOT FOR
                                              :     ELECTRONIC OR PRINT
           -against-                          :     PUBLICATION
                                              :
UNITED STATES OF AMERICA, et al,              :     OPINION AND ORDER
                                              :
                          Respondents.        :
                                              :
------------------------------------------------------------------ X
```

ROSS, United States District Judge:

On March 13, 2003, petitioner Cory Holloway pled guilty to conspiracy to distribute and to possess with intent to distribute cocaine base under 21 U.S.C. § 846 and §841(a)(1) and (b)(1)(C). On September 15, 2003, petitioner was sentenced principally to 120 months of imprisonment.

On December 12, 2005, petitioner filed with this court a petition entitled "Motion for Reconsideration of Sentencing Pursuant to 60B Filed With-in § 2255 Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody." In this document, petitioner does not challenge his conviction. Instead, he challenges the conditions of his confinement. Specifically, petitioner asserts that he was been held in "the same fashion as a pre-trial detainee" for more than two years following his sentencing. Petitioner's Motion, p.2. He contends that "[i]t is cru[el] and unusual punishment when a person is held over two years in a pre-trial detention center after sentencing." Id., p.1. Petitioner does not indicate whether the ultimate relief he seeks is injunctive or involves some reduction or amendment of his sentence; rather, he

requests that the court "file or send the appropriate forms to be filed for satisfaction in correcting such a cruel punishment." Id., p.2.

For the reasons outlined below, this court dismisses petitioner's motion without prejudice.

## This Court Lacks Authority to Modify Petitioner's Sentence

Insofar as petitioner's motion may seek amendment or reduction of his criminal sentence, this court is without jurisdiction to grant the requested relief.

### 1. F.R.C.P. Rule 60(b)

Petitioner mentions Rule 60(b) of the Federal Rules of Civil Procedure in the title of his motion. Rule 60(b) authorizes a court to "relieve a party or a party's representative from a final judgment, order, or proceeding" for several specified reasons. Fed. R. Civ. P. 60(b). However, Rule 60(b) of the Federal Rules of Civil Procedure does not grant the federal courts the ability to modify a criminal judgment. According to Rule 1, the Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a civil nature . . ." Fed. R. Civ. P. 1 (emphasis added). To the extent that the judgment from which petitioner seeks relief is the prison sentence imposed following his conviction in a criminal case, Rule 60(b) does not apply.

### 2. Collateral Attack under 28 U.S.C. § 2255

Nor may petitioner's motion be interpreted as a collateral attack on his criminal conviction under 28 U.S.C. § 2255. Petitioner does not challenge any aspect of his conviction or

2

sentencing, except the way that his sentence has been carried out. Challenges related to post-sentencing matters such as the conditions of confinement should be brought under 28 U.S.C. § 2241 or as a Bivens action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The viability of a § 2241 or Bivens action in this case is discussed below.

### 3. Conditions under which A Court May Modify Sentence

The federal courts have very limited authority to modify a prison sentence once it is imposed. Under 18 U.S.C. § 3582(c), a court may modify a term of imprisonment once it is imposed only in three specific circumstances:

- when the Bureau of Prisons has filed a motion for the reduction of sentence (§ 3582(c)(1)(A));
- when the modification is expressly permitted by statute of by Rule 35 of the Federal Rules of Criminal Procedure (§ 3582(c)(1)(B)); or
- when the defendant was sentenced to imprisonment based on upon a sentencing range that has subsequently been lowered by the Sentencing Commission (§ 3582(c)(2)).

None of these circumstances is present in this case.

### Claims Regarding Conditions of Confinement

Petitioner's motion is most appropriately interpreted as a petition challenging the conditions of his confinement. Challenges to conditions of confinement in federal prison may be brought either as civil Bivens action (see Bivens, 403 U.S. 388 (1971)) or as a petition for writ of habeas corpus under 28 U.S.C. § 2241.

3

## 1. Bivens Action

Petitioner could challenge the conditions of his confinement in a Bivens action. The Court declines to construe his motion as a Bivens action, however, because the current action names improper defendants. Petitioner names as respondents the United States of America, the United States Marshal Service, the Bureau of Prisons, and the Warden of MDC Brooklyn. However, the doctrine of sovereign immunity bars suits against the United States absent its consent. See, e.g. United States v. Testan, 424 U.S. 392, 399 (1976). The United States has not waived sovereign immunity with respect to constitutional tort claims against the United States, its agencies, or federal employees sued in their official capacities. See, e.g. Castro v. United States, 34 F.3d 106, 110 (2d Cir. 1994). As a result, Bivens claims cannot be maintained against the United States, its agencies, or its employees in their official capacities. Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994).

If petitioner wishes to bring claims against federal employees in their individual capacities, he must name as defendants the specific federal officials who have caused him harm and include specific allegations about the actions (or inactions) of each official that he believes resulted in unconstitutional conditions in his complaint.

## 2. Petition for Writ of Habeas Corpus under § 2241

Alternatively, petitioner could challenge the conditions of his confinement by way of a petition for writ of habeas corpus under 28 U.S.C. § 2241. However, the Eastern District of New York would not have jurisdiction over such a petition in this case. Section 2241 petitions must be brought in the jurisdiction of the petitioner's custodian. See, e.g., Rumsfeld v. Padilla, 124 S.

Ct. 2711, 2717-8 (2004). Since petitioner is currently being held in a federal prison in Pennsylvania, he must file any habeas petition in the U.S. District Court for the Middle District of Pennsylvania.

This court further notes that an inquiry to the U.S. Marshal Service reveals that petitioner was designated and assigned to the U.S. Penitentiary at Canaan, Pennsylvania as of November 10, 2005, and has remained there since. Since the Canaan facility is a federal prison, rather than a pre-trial detention center, it appears that the condition of confinement of which petitioner complains has been remedied.

## Conclusion

This court dismisses petitioner's motion without prejudice.

The clerk of the court is instructed to enter judgment accordingly.

SO ORDERED.

_____
Allyne R. Ross
United States District Judge

Dated: February 27, 2006
      Brooklyn, New York

## Service List:

**Plaintiff:**
Cory Holloway, #69360053
U.S. Penitentiary Canaan
P.O. Box 300
Waymart, PA 18472

**Respondents' Attorney:**
Carolyn Pokorny
U.S. Attorney's Office
Eastern District of New York
147 Pierrepont Plaza
Brooklyn, NY 11201